# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No: 3:19-CR-23-003 |
| | ) | |
| Grayson T. Newsome | ) | USM No: 01285-120 |
| | ) | |
| Date of Original Judgment: 12/17/2020 | ) | |
| Date of Previous Amended Judgment: N/A | ) | Edward D. Tolley |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2) (Amendment 821)

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by Amendment 821 to the *United States Sentencing Guidelines*, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____84_____ months **is reduced to** _____Time Served_____.

The defendant was originally sentenced on December 16, 2020, to a term of 84 months imprisonment. The imprisonment sentence is to be followed by a four-year term of supervised release. The Court determined that his total offense level was 25 and his criminal history category was IV, which yielded an advisory sentencing range of 84 to 105 months. His criminal history subtotal was 6. Two additional criminal history points were added for being under a criminal justice sentence when he committed the instant Federal offense. This resulted in 8 criminal history points which yielded a criminal history category IV.

Based on retroactive Amendment 821, Part A to the United States Sentencing Guidelines, defendants with seven (7) or more criminal history points receive one point for being under a criminal justice sentence instead of two when he was originally sentenced. In this case, the defendant does not receive an increase of one criminal history point pursuant to the newly created USSG §4A1.1(e), as prior to the application of this guideline, his criminal history subtotal was 6. Therefore, a total of 6 criminal history points would yield a criminal history category III. A total offense level 25 with a criminal history category III, yields an advisory sentencing range of 70 to 87 months.

The government agrees that the defendant is eligible for relief. Therefore, the Court grants the sentence reduction, and the defendant will be sentenced at the same place in the advisory guideline range. The new imprisonment sentence imposed would be reduced by 14 months. This would result in a sentence of Time Served with an effective date of February 1, 2024.

Except as otherwise provided, all provisions of the judgment dated _____12/17/2020_____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: _11 Jan 2024_

_C. Ashley Royal_
*Judge's signature*

Effective Date: ____February 1, 2024____
*(if different from order date)*

C. Ashley Royal, Senior U.S. District Judge
*Printed name and title*